2012 Ark. 402

**Joe Louis KELLEY, Jr., Appellant**

v.

**Ray HOBBS, Director and Shelli Maroney, Records Supervisor, Arkansas Department of Correction, from Jefferson Circuit, Appellee.**

No. 10–127.

Supreme Court of Arkansas.

Oct. 25, 2012.

J. Thomas Sullivan, for appellant.

Dustin McDaniel, Att'y Gen., by: LeaAnn J. Irvin, Ass't Att'y Gen., for appellee.

PER CURIAM.

Joe Louis Kelley, Jr., asserts that the Arkansas Department of Correction ("ADC") has failed to comply with this court's decision in *Kelley v. Norris*, 2012

Ark. 86, 2012 WL 664273.[1] In *Kelley*, the ADC was ordered to modify its records to show that Kelley began serving his sentence imposed by Pulaski County Circuit Court, Fourth Division (terroristic act), and his sentence imposed by Pulaski County Circuit Court, Second Division (forgery) concurrently on the same date. This court further ordered that upon his return to the ADC from the United States Bureau of Prisons on a federal sentence, Kelley was to serve whatever remained of the sentence he would have served in the ADC had the ADC run his state sentences concurrently as required. The ADC asserts that Kelley "has served no time on his State sentences" and that time served is "dead time." This specific argument was presented by the ADC in its petition for rehearing in Kelley and rejected by this court.

The ADC is ordered to comply with this court's decision in *Kelley*. The ADC shall calculate the time Kelley has left to serve on his concurrent state sentences by subtracting from the total concurrent five-year term the amount of time Kelley has been confined by the State of Arkansas on the terroristic act and forgery convictions.[2] The parties shall appear before this court at 9:00 a.m. on November 29, 2012, to confirm that the ADC has complied with this court's order.

**1.** In this present matter, Kelley filed a Petition For Writ of Mandamus or Alternative Relief For Enforcement of the Supreme Court's Order. The ADC asserts that the relief sought is not available by way of a petition for writ of mandamus; however, this court need not reach that issue because Kelley asserts that the ADC has failed to comply with this court's order and mandate issued in *Kelley v. Norris*, 2012 Ark. 86, 2012 WL 664273. A court has inherent power to enforce its orders. *See Ark. Dep't of Human Servs. v. Clark*, 305 Ark. 561, 566, 810 S.W.2d 331, 334 (1991).

**2.** We note that in *Kelley v. Norris*, 2012 Ark. 86, 2012 WL 664273, the ADC and its counsel made representations to this court that Kelley had served time in the ADC on the Second Division forgery sentence.